**SCOVILL v. SCOVILL.** (No. 8055.)

Court of Civil Appeals of Texas. San Antonio. Oct. 24, 1928.

Rehearing Denied Nov. 28, 1928.

Horace E. Wilson, of San Antonio, for appellant.

Heilbron, Kilday & Howard, of San Antonio, for appellee.

COBBS, J. Appellant sued his former wife, appellee, for the partition of lot 11, block 7, N. C. B. 3148, situated on Dunning avenue in the city of San Antonio, claiming a community interest of one-half. The appellee contends that the property, having been purchased by her as her separate estate, was given by ratification to her by her said husband for and likewise as her separate property and for her own separate use and benefit, as expressed in the deed to her dated September 19 ,1921; that during the year 1911 appellant abandoned appellee, and she was thereafter forced to work and make a living; that during that time she purchased the Dunning avenue property; that during the year 1918 appellant returned, and, while the marital relation was in existence, though they did not live together as husband and wife, the deed was executed to her, as aforesaid, reciting the property to be her separate estate, of which appellant was advised; and it was intended to be appellee's separate property.

The parties were divorced, and at that time they settled their community property rights, and divided their personal property between them, making a fair and equitable division of the community estate. It is contended by appellant that no disposition was made of the Dunning avenue property. But appellee contends there was, and that appellant at the time executed a release to her of said property, which was duly acknowledged and left with counsel for appellant, which he denies; she not having any counsel, and that said re-

lease has been mislaid or destroyed, and not produced at the trial.

This case presents but two real questions, the question of the separate estate of appellee and the estoppel of appellant.

The case was submitted to the jury upon special issues, all of which were found in favor of appellee.

The issues submitted to the jury, objected to by appellant, with the answers thereto, are as follows:

"1. Did the plaintiff cause the deed from H. C. Thorman to the defendant conveying the property in controversy to be made to her as her separate estate? Answer 'Yes' or 'No.' We, the jury, answer Yes.

"2. Did the plaintiff know that the said deed contained the recital that the property was conveyed to the defendant as her separate estate before the said deed was executed and delivered to the defendant? Answer 'Yes' or 'No.' We, the jury answer Yes.

"3. Did the plaintiff, before the execution and delivery of the said deed, agree with defendant that the said deed should be made conveying the property in controversy to her as her separate property? Answer 'Yes' or 'No.' We, the jury, answer, Yes.

"4. Did the plaintiff, at any time after discovering that the said deed contained the recital that the property was conveyed to the defendant as her separate property, ratify the same? Answer 'Yes' or 'No.' We, the jury, answer Yes.

"8. Did the plaintiff by his words or acts lead the defendant, subsequent to the divorce, to believe that the property on Dunning Avenue was allotted to her and that it was her separate property? Answer 'Yes' or 'No.' We, the jury, answer, Yes.

"9. Did the defendant, in reliance upon such words or acts of the plaintiff, permit the plaintiff to take and dispose of other property in which she may have had an interest? Answer 'Yes' or 'No.' We, the jury, answer, Yes.

"10. Did the defendant, in reliance upon such words or acts of the plaintiff, construct valuable improvements upon the Dunning Avenue property? Answer 'Yes' or 'No.' We, the jury, answer, Yes."

The plaintiff excepted to the charge of the court presenting the said issues to the jury, as to No. 8, that there were no facts upon which a plea of estoppel could be based; as to No. 9, because there was division of the personal property, and under such division each party would have a right to dispose of his personal property; as to No. 10, because it submits an issue not pleaded. And in paragraph 8 of the said exceptions objected to the submission of any of the said issues, for the reason that the evidence conclusively establishes the negative of 1, 2, and 3, and that the property on Dunning avenue was the community property of plaintiff and defendant, and that defendant had never conveyed his interest therein.

Issue No. 5 was:

"Was the property on Dunning Avenue included in the division of the property of the parties which was made at or subsequent to the divorce? Answer 'Yes' or 'No.' To which the jury answered, No. Issues No. 6 and 7 were not required to be answered in the event No. 5 was answered 'No.' "

We will not set out the assignments in detail, but have considered them, and overrule one and all of them as without merit. The evidence fully supports the findings of the jury, and only two real, material questions are raised, or can be considered, as stated.

The first question was one as to the character of title. During the period of about five years that appellant had abandoned appellee, she contracted for and practically paid for said property, without any assistance or aid from her defaulting husband. It was all the property undivided between them. She lived on it, used and claimed it as her own separate home, improved and cared for it as such, under a conveyance to her making it her separate estate—all with the knowledge and consent of her said ex-husband.

It is significant that it was not divided at the time of the settlement, when the other personal property was allotted.

We think the finding of the jury, as to the title of the property in appellee and the estoppel against her husband, is supported by the testimony.

Having carefully considered each assignment of error and proposition thereunder, they are severally overruled as without merit, and the judgment is affirmed.